IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| **MIRANDA ANTHONY,**<br>c/o Cornerstone Law Firm<br>5821 NW 72nd Street<br>Kansas City, MO 64151<br>　　　　Plaintiff,<br><br>　　v.<br><br>**ORION PROPERTY GROUP, LLC,**<br>*Serve Registered Agent:*<br>Michael Napovanice<br>8826 Santa Fe Drive, Suite 190<br>Overland Park, KS 66212 | Case No. _____<br><br>**REQUEST FOR JURY TRIAL** |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Miranda Anthony, by and through her attorneys, and for her cause of action against Defendant Orion Property Group, LLC, (hereinafter "Orion" or "Defendant") states and alleges as follows:

### Introduction

1. This is an employment case based upon and arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000 *et seq.* ("Title VII").

2. Because of Defendant's illegal treatment in the terms, conditions, compensation, and privileges of her employment, Plaintiff has been damaged and is seeking all remedies available to her.

### The Parties

3. **Plaintiff Miranda Anthony** (hereinafter, "Plaintiff") is and was at all relevant times a female citizen of Kansas City, Wyandotte County, Kansas.

1

4. **Defendant Orion Property Group, LLC** (hereinafter, "Defendant" or "Orion") is and was at all relevant times a Kansas limited liability company registered to conduct business in the state of Kansas.

5. On information and belief, at least one LLC member of Orion is, and was at all relevant times, a Kansas citizen, including Michael Napovanice.

6. Orion conducts substantial and continuous business in the State of Kansas.

7. Specifically, at all relevant times, Orion conducted business at its headquarters located at 8826 Santa Fe Drive #190, Overland Park, KS 66212, where Plaintiff formerly worked.

8. Additionally, Orion manages and leases residential and commercial properties located in the State of Kansas.

9. At all relevant times, Orion employed fifteen (15) or more employees.

10. Orion is an "employer" within the meaning of Title VII.

11. Orion is an entity which acts through its agents. It is liable for the conduct of its agents acting within the course and scope of their agency, its own negligence, the acts of its agents which it knowingly ratifies, injuries incurred by agents' performance of its non-delegable duties, acts done by agents for which the agency relationship allows or assists the agent to perform, and acts taken by its agents by virtue of their position with Orion.

## Jurisdiction and Venue

12. Jurisdiction is proper in the District of Kansas pursuant to 28 U.S.C. § 1331, as some or all of Plaintiff's claims arise under the laws of the United States.

13. Venue is proper in the District of Kansas pursuant to 28 U.S.C. § 1391 because a substantial portion of the alleged discriminatory conduct occurred in this District, including Plaintiff's wrongful termination.

## Administrative Procedures

14. On or about May 28, 2021, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") naming Orion as the Respondent, alleging discrimination based on her sex (female) and her status as a pregnant woman (attached as *Exhibit 1* and incorporated herein by reference).

15. On or about November 23, 2021, the EEOC issued to Plaintiff a Notice of Right to Sue (attached as *Exhibit 2* and incorporated herein by reference).

16. This lawsuit is filed within ninety (90) says of the issuance of the Notice of Right to Sue by the EEOC.

17. The aforesaid Charge of Discrimination provided the EEOC sufficient opportunity to investigate the full scope of the controversy between the parties and, accordingly, the sweep of this judicial complaint may be as broad as the scope of an EEOC investigation which could reasonably be expected to have grown out of the Charge of Discrimination.

18. Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action.

19. This action is timely filed within the applicable statute of limitations.

## Additional Factual Allegations

20. Plaintiff is female.

21. On or about March 18, 2021, Orion hired Plaintiff as the Administrative Assistant to its President, Michael Napovanice ("President Napovanice") (male).

22. On or about April 3, 2021, President Napovanice promoted Plaintiff to the position of Marketing Manager.

23. Plaintiff started in her new managerial role on or about April 4, 2021.

3

24. As Marketing Manager, Plaintiff still reported directly to President Napovanice.

25. Plaintiff's new job duties included, but were not limited to, updating pictures of properties for Orion's website, creating new websites for properties, changing the rent rates for properties, creating flyers for open houses, and responding to online reviews.

26. Orion did not inform Plaintiff of any performance-related issues as Marketing Manager.

27. On or about April 29, 2021, President Napovanice booked a marketing training conference for Plaintiff to attend in California.

28. On or about May 2, 2021, Plaintiff learned she was pregnant.

29. On or about May 3, 2021, Plaintiff informed President Napovanice of her pregnancy, and he congratulated her.

30. During this conversation, Plaintiff told President Napovanice that her mother advised Plaintiff to wait to disclose her pregnancy because she only recently started in her role as Marketing Manager.

31. President Napovanice responded by telling Plaintiff that Respondent previously hired a pregnant woman, but he "just thought she was fat."

32. Plaintiff interpreted this to mean that President Napovanice would not have hired the employee if he knew about her pregnancy beforehand.

33. Plaintiff then mentioned maternity leave and the possibility of working from home when necessary due to her pregnancy, but President Napovanice brushed it off and said they had "plenty of time" to figure that out.

34. On information and belief, Orion permitted Plaintiff's colleagues who were male, or female but not pregnant, to work from home or attend meetings remotely via Zoom.

35. Before Plaintiff disclosed her pregnancy, President Napovanice said she would receive a performance review after her first three (3) weeks as Marketing Manager, on or about May 5, 2021.

36. The review meeting on May 5, 2021, did not take place.

37. On or about May 6, 2021, Plaintiff reminded President Napovanice of her performance review, but he just casually told her, "You're doing great."

38. On or about May 7, 2021, Training Manager Tiffany Buescher ("Training Manager Buescher") sent a letter to all staff announcing that Plaintiff and her husband were expecting a baby.

39. However, after Plaintiff told President Napovanice she was pregnant, he was short with her or avoided speaking to her altogether, which hindered her ability to perform her job duties.

40. On or about May 24, 2021, President Napovanice called Plaintiff into his office, with Human Resources Coordinator Richelle Johansen ("H.R. Coordinator Johansen") also present.

41. President Napovanice told Plaintiff she was fired, allegedly because Orion was "eliminating" the Marketing Manager position.

42. When Plaintiff asked whether she had done anything wrong as Marketing Manager, President Napovanice said no.

43. However, in Orion's position statement submitted to the EEOC dated July 6, 2021, it claimed that it terminated Plaintiff allegedly because "she refused to follow direction, demanded preferential treatment despite her status as both a new-hire and essential worker, performed poorly, and made comments that caused her co-workers, including members of management, to feel uncomfortable in the workplace."

44. During Plaintiff's employment with Orion, she never received written discipline.

45. Notably, the Administrative Assistant position for which Orion originally hired Plaintiff remained open, yet Orion did not offer her that position.

46. After Plaintiff's termination, she called President Napovanice twice to ask about the open Administrative Assistant position, but he did not answer.

47. On information and belief, Orion's proffered reasons for terminating Plaintiff's employment are pretextual, and the true reasons are unlawful discrimination based on her sex and/or status as a pregnant woman, as set forth below.

## COUNT I
### Violation under 42 U.S.C. §§ 2000e *et seq.* (Title VII)
### Sex Discrimination (Pregnancy)—Termination

48. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

49. Plaintiff is a female and therefore a member of a protected class.

50. On or about May 3, 2021, Plaintiff informed Defendant that she was pregnant.

51. On or about May 24, 2021, Defendant terminated Plaintiff's employment.

52. In terminating Plaintiff's employment, Defendant subjected Plaintiff to an adverse employment action.

53. Plaintiff's pregnancy, and therefore sex, was at least a motivating or determining factor in Defendant's decision to terminate Plaintiff's employment.

54. At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Defendant, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly

authorized or ratified by Defendant, thus making Defendant liable for said actions under the doctrine *respondeat superior*.

55. Defendant failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees.

56. Defendant failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the civil rights laws, including Title VII.

57. As shown by the foregoing, as a result of her sex and/or pregnancy, and termination based on the same, Plaintiff suffered intentional discrimination at the hands of the Defendant in violation of Title VII.

58. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

59. As a further direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress and related compensatory damages.

60. Defendant's conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant or to deter Defendant and other entities from like conduct in the future.

61. Pursuant to the provisions of Title VII, Plaintiff is entitled to recover reasonable attorneys' fees from Defendant.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to emotional distress; for equitable relief,

including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such and further legal and equitable relief as the Court deems just and proper.

### COUNT II
### Violation under 42 U.S.C. §§ 2000e *et seq.* (Title VII)
### Sex Discrimination (Pregnancy)—Hostile Work Environment

62. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

63. Plaintiff is a female and therefore a member of a protected class.

64. On or about May 3, 2021, Plaintiff notified Defendant that she was pregnant.

65. Throughout Plaintiff's employment, Defendant subjected Plaintiff to severe, pervasive, and unwelcome comments and conduct based on her pregnancy, including but not limited to: avoiding speaking to Plaintiff; treating Plaintiff less favorably than non-pregnant and/or male employees; refusing to provide Plaintiff with formal feedback on her job performance; and commenting that although Respondent previously hired a pregnant woman, President Napovanice "just thought she was fat," which offended Plaintiff based on her status as a pregnant woman.

66. Plaintiff's sex and/or status as a pregnant woman were at least a motivating factor in the hostile work environment to which Defendant subjected Plaintiff.

67. The actions and conduct of Defendant's employees and representative acting within the course and scope of their employment created an intimidating, hostile, and offensive working environment, and thereby detrimentally affected Plaintiff.

68. The harassment and conduct to which Plaintiff was subjected affected a term, condition, or privilege of Plaintiff's employment because the conduct was continuous, outrageous,

      humiliating and reasonably interfered with Plaintiff's ability to perform the functions of her employment.

69. The conduct described herein would have offended a reasonable person of the same sex and/or who was pregnant, in Plaintiff's position.

70. Defendant knew or should have known of the pregnancy-based discrimination and/or harassment Plaintiff suffered, including from management-level employee President Michael Napovanice, but failed to exercise reasonable care to prevent and promptly correct the discrimination/harassment.

71. At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Defendant, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized or ratified by Defendant, thus making Defendant liable for said actions under the doctrine *respondeat superior*.

72. Defendant failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees.

73. Defendant failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the civil rights laws, including Title VII.

74. As shown by the foregoing, Plaintiff suffered intentional discrimination at the hands of the Defendant in violation of Title VII based on her sex and/or pregnancy.

75. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress and related compensatory damages.

76. By failing to take prompt and effective remedial action, Defendant, in effect, condoned, ratified, and/or authorized discrimination against Plaintiff.

77. Defendant's conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant or to deter Defendant and other entities from like conduct in the future.

78. Pursuant to the provisions of Title VII, Plaintiff is entitled to recover reasonable attorneys' fees from Defendant.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such and further legal and equitable relief as the Court deems just and proper.

**Demand for Jury Trial and Designation of Place of Trial**

Plaintiff requests a trial by jury in Kansas City, Kansas, on all counts and allegations of wrongful conduct alleged in this Complaint.

*(Signatures on Following Page)*

Respectfully Submitted,

CORNERSTONE LAW FIRM

By: <u>/s/ *Jessica M. McDowell*</u>
Ryan M. Paulus                 D. Kan. #78276
r.paulus@cornerstonefirm.com
Jessica M. McDowell        D. Kan. #78731
j.mcdowell@cornerstonefirm.com
5821 NW 72nd Street
Kansas City, Missouri 64151
Telephone                          (816) 581-4040
Facsimile                            (816) 741-8889

ATTORNEYS FOR PLAINTIFF