## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MIRANDA ANTHONY,

               Plaintiff,

v.

ORION PROPERTY GROUP, LLC,

               Defendant.

Case No. 2:21-CV-02580-HLT-ADM

## MEMORANDUM AND ORDER

      This matter comes before the court on the parties' Joint Motion to Modify Scheduling Order.  (ECF 28.)  By way of this motion, the parties seek an approximately 60-day extension of the remaining scheduling order deadlines and settings—specifically, the deadlines to complete discovery and to submit the proposed pretrial order, the pretrial conference setting, and the deadline to file dispositive motions.  (*Id.* ¶ 7.)  For the reasons discussed below, the motion is denied without prejudice to be renewed, if at all, once the parties report a concrete schedule to take the remaining depositions within the requested 60-day extension.

## I.      BACKGROUND

      Plaintiff Miranda Anthony ("Anthony") filed this lawsuit against her former employer, defendant Orion Property Group, LLC ("Orion"), alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000 *et seq*.  (ECF 1.)  Discovery opened no later than March 29, 2022, and is set to close on September 30, 2022.  (ECF 8, 12 ¶ 2(b).)  *See also* FED. R. CIV. P. 26(d)(1) (parties may seek discovery once they have conferred as required by Rule 26(f)).  This gave the parties over six months to complete discovery in this single-plaintiff employment case.

The parties now seek to extend the discovery deadline 60 days because of difficulties completing depositions by the September 30 discovery deadline.  (ECF 28.)  They explain that Orion was scheduled to take Anthony's deposition on September 15, and Anthony was then scheduled to take the depositions of five defense witnesses on September 22, 29, and 30.  (ECF 22-27.)  But Anthony's deposition was cancelled because she was sick and not physically able to attend her deposition, and the parties "agreed to postpone the other depositions in their current order."  (ECF 28 ¶¶ 3-4.)  The motion then proceeds to detail the scheduling challenges counsel will face rescheduling these depositions over the next two months.

## II.    DISCUSSION

A scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4).  To establish good cause, the moving party must show that the scheduling order deadline could not be met despite diligent efforts.  *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 989 (10th Cir. 2019).  The good-cause requirement "obligates the moving party to provide an adequate explanation for any delay" and show diligent efforts to meet the deadline imposed.  *Id.* at 988.  Courts are more likely to find good cause when the moving party has been generally diligent and the need for additional time was neither foreseeable nor the fault of the moving party.  *Id.* at 989.  However, carelessness or "failure on the part of counsel to proceed promptly with the normal processes of discovery and trial preparation" are not compatible with a finding of good cause.  *Id.*  The court is "afforded broad discretion in managing the pretrial schedule." *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1254 (10th Cir. 2011).

Here, the parties' plan to complete discovery by the September 30 deadline was legitimately disrupted when Anthony's deposition was cancelled because of unforeseeable circumstances.  But the court is unpersuaded by the other aspect of the parties' argument that Orion

is "entitled" to take Anthony's deposition before defense witness depositions.  In support, the parties cite *McMann v. Brown Mackie Education Corp.* for the proposition that depositions should usually proceed in the order they are requested.  No. 98-2490-GTV, 1999 WL 253462, at *1 (D. Kan. Apr. 23, 1999).  The practical consequence of the parties taking this position is that, not only do the parties now have to reschedule a single deposition (Anthony's), but they also now have to reschedule five subsequent depositions of defense witnesses.  This is a more disruptive and significant undertaking than rescheduling the single deposition that was originally cancelled.

The court therefore issues this written opinion to caution litigants not to assume that the undersigned will follow or endorse the "order of depositions" approach outlined in *McMann*.  The court in *McMann* did not cite any authority for its statement that depositions should usually proceed in the order they are requested.  Furthermore, nothing in the Federal Rules of Civil Procedure or this court's local rules sets forth such a requirement regarding the order of depositions.  And a decision from another judge in this district is not binding precedent.  *See Brandon Steven Motors, LLC v. Landmark Am. Ins. Co.*, No. 2:19-CV-02659-JAR, 2020 WL 5889434, at *3 (D. Kan. Oct. 5, 2020); *see also Campbell By and Through Jackson v. Hoffman*, 151 F.R.D. 682, 684 n.1 (D. Kan. 1993) ("While this court is bound to follow the dictates of the Tenth Circuit, [it is] not required to follow the decisions of other district judges.").  Parties are certainly free to agree to the order of depositions.  But any such stipulation requires court approval if it is going to "interfere with the time set for completing discovery."  FED. R. CIV. P. 29(b).  And the court does not see any need, based on the current record, to derail the entire case schedule simply because of the parties' agreement concerning the order of depositions.

The parties also argue that they have "worked diligently on this case." (ECF 28 ¶ 8.)  But the docket sheet does not exactly reflect a model of diligence.  In almost six months of discovery,

the parties served Rule 26(a)(1) disclosures, responded to written discovery, and participated in mediation. (*See* ECF 9, 10, 13, 14, 19, 20, 21.) Only after the case did not settle at mediation did they begin noticing the subject depositions during the final month of discovery, none of which has apparently been taken yet. (ECF 22-27.) Under these circumstances, it would be within the court's discretion to deny the parties' joint motion because they have not demonstrated that they were sufficiently diligent in meeting the discovery deadline.

That said, the parties have acted with some degree of diligence. They had a plan in place to complete discovery by the September 30 deadline, but that plan fell through when Anthony's deposition was cancelled, and the parties then apparently proceeded under the mistaken impression that the court would adhere to the order of depositions to which the parties had agreed. And the court understands that the parties relied on a prior decision from the District of Kansas on this point, whereas the undersigned has not previously issued a decision to the contrary. The court therefore issues this written opinion to put parties on notice that, in the future, they should not assume the undersigned will extend discovery deadlines in order to accommodate any agreement between the parties concerning the order of depositions.

The parties also provide legitimate, detailed reasons why it will be difficult to reschedule the depositions. Among other things, the motion explains that, in approximately the next two months, Orion's counsel of record collectively have two Tenth Circuit arguments, trial in a case before Judge Vratil, briefing on dispositive motions in a case before Judge Robinson, the anticipated birth of a child in mid-November, and extensive prenatal care leading up to the delivery. (ECF 28 ¶¶ 3, 5-7.) Given all of this, the court is not necessarily persuaded that the parties will reschedule the subject depositions within the requested 60-day extension, particularly since they have not done so yet. The court will not grant any extension unless and until the parties

4

have a concrete plan in place to complete discovery within the requested extension.  Otherwise, such extensions too often culminate in serial extension requests.

For all of these reasons, the court finds that the parties have demonstrated good cause for some extension of the scheduling order deadlines, but not necessarily the extension they request. Accordingly, the court will deny the motion without prejudice to be renewed once the parties report a concrete schedule to take the remaining depositions within the requested 60-day extension.  The court cautions the parties that, once the court grants an extension, the court will be highly disinclined to grant any further extensions absent truly extraordinary circumstances.

**IT IS THEREFORE ORDERED** that the parties' Joint Motion to Modify Scheduling Order (ECF 28) is denied, but it is denied without prejudice to be renewed as set forth above.

**IT IS SO ORDERED.**

Dated September 21, 2022, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
