IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MIRANDA ANTHONY,

    Plaintiff,

v.

ORION PROPERTY GROUP, LLC,

    Defendant.

Case No. 2:21-CV-02580-HLT-ADM

**MEMORANDUM AND ORDER**

This matter comes before the court on the parties' Second Joint Motion to Modify Scheduling Order. (ECF 30.) By way of this motion, the parties seek to renew their motion for an approximately 60-day extension of the deadlines to complete discovery and to submit the proposed pretrial order, the pretrial conference setting, and the deadline to file dispositive motions. (*Id.* ¶ 7.)[1] For the reasons discussed below, the motion is granted.

**I.    BACKGROUND**

Plaintiff Miranda Anthony ("Anthony") filed this lawsuit against her former employer, defendant Orion Property Group, LLC ("Orion"), alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000 *et seq.* (ECF 1.) Discovery opened no later than March 29, 2022, and, pursuant to the Scheduling Order, closed on September 30, 2022, giving the parties over six months to complete discovery in this single-plaintiff employment case. (ECF 8, 12 ¶ 2(b).)

---

[1] The parties' motion does not specifically ask for an extension of the deadline to file motions challenging admissibility of expert testimony, but the court will also extend this deadline because it is the assigned district judge's practice to set this deadline the same as the dispositive-motion deadline.

On September 16, the parties filed a Joint Motion to Modify Scheduling Order in which they requested a 60-day extension of the discovery deadline because of difficulties completing depositions by the September 30 discovery deadline, as well as scheduling challenges counsel will face rescheduling the depositions in the same order as originally scheduled, with Anthony going first.  (ECF 28.)  The parties' motion, however, did not state that any depositions had been rescheduled or provide a concrete plan for completing discovery within the requested extension.  (*Id*.)  On September 21, the court issued an order denying the parties' joint motion without prejudice "to be renewed, if at all, once the parties report a concrete schedule to take the remaining depositions within the requested 60-day extension."  (ECF 29.)  On October 10, the parties filed their Second Joint Motion to Modify Scheduling Order in which they now set forth a deposition schedule to complete all remaining depositions prior to by November 29.  (ECF 30.)

## II.    DISCUSSION

A scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4).  To establish good cause, the moving party must show that the scheduling order deadline could not be met despite diligent efforts.  *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 989 (10th Cir. 2019).  The good-cause requirement "obligates the moving party to provide an adequate explanation for any delay" and show diligent efforts to meet the deadline imposed.  *Id.* at 988.  Courts are more likely to find good cause when the moving party has been generally diligent and the need for additional time was neither foreseeable nor the fault of the moving party.  *Id.* at 989.  However, carelessness or "failure on the part of counsel to proceed promptly with the normal processes of discovery and trial preparation" are not compatible with a finding of good cause.  *Id.*  The court is "afforded broad discretion in managing the pretrial schedule."  *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1254 (10th Cir. 2011).

As detailed in the court's prior order, the parties have shown that they attempted to meet existing deadlines inasmuch as they had a plan in place to complete discovery by the September 30 deadline, but that plan fell through when Anthony's deposition was cancelled because of unforeseeable circumstances, which then disrupted the rest of the deposition schedule due to the parties' agreement concerning the order of depositions. (ECF 29.) The parties' current motion provides legitimate, detailed reasons why a 60-day extension is necessary (ECF 30, ¶ 3 & n.1, ¶ 7) and, importantly, sets forth a concrete schedule to complete all remaining depositions prior to the requested close of discovery on November 29 (*id.*, ¶ 5).

Thus, the court finds good cause to amend the scheduling order to extend certain deadlines by two months. The court cautions the parties that no further extensions of these deadlines will be granted absent extraordinary circumstances. Accordingly, the court sets the following deadlines as set forth below:

| Event | New Deadline/Setting |
|---|---|
| All discovery completed | November 29, 2022 |
| Proposed pretrial order due | December 13, 2022 |
| Pretrial conference | December 22, 2022 at 11:00 a.m. |
| All other potentially dispositive motions (e.g., summary judgment) | January 13, 2023 |
| Motions challenging admissibility of expert testimony | January 13, 2023 |

**IT IS THEREFORE ORDERED** that the parties' Second Joint Motion to Modify Scheduling Order (ECF 30) is granted as set forth above.

3

**IT IS SO ORDERED.**

Dated October 11, 2022, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge

4